UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JEFFREY PETERSON, an individual,<br><br>Plaintiff,<br><br>v.<br><br>CHRISTOPHER LEAHY, BRETT BURKETT, SAN DIEGO POLICE DEPARTMENT, ZACHERY BRADLEY, OFFICE OF CITY ATTORNEY, EMILY GARSON, JEFFREY JORDON in their individual capacities,<br><br>Defendants. | Case No.: 3:21-cv-01116-GPC-MDD<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED IN FORMA PAUPERIS** |

On June 15, 2021, Plaintiff Jeffrey Peterson ("Plaintiff"), proceeding *pro se*, filed the instant action against Defendants Christopher Leahy, Brett Burkett, San Diego Police Department, Zachery Bradley, Office of City Attorney, Emily Garson, and Jeffrey Jordon. Compl. 1, ECF No. 1 at 1. Plaintiff concurrently filed a motion to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). ECF No. 2.

The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1.d.1. For the following reasons, the Court **DENIES** Plaintiff's motion to proceed IFP.

## I. BACKGROUND

Plaintiff claims he has been unlawfully surveilled and the victim of a conspiracy to cover up misconduct by the San Diego Police Department ("SDPD") and the San Diego City Attorney in retaliation for making a civil complaint against San Diego Police Officer Christopher Leahy ("Leahy") in November 2011. ECF No. 1 at 9, 12. Plaintiff alleges he was falsely convicted of a crime in 2010 and falsely arrested on March 29, 2014, in a coordinated effort by Leahy and others in the SDPD. *Id.* at 9.

Plaintiffs' allegations include that the SDPD has been accessing his personal e-mail accounts on his phone and laptop without a search warrant, *id.* at 12–13, that the SDPD misled the state court to enable Leahy and his wife to obtain a restraining order against Plaintiff, *id.* at 17, and that members of the SDPD have followed and harassed him in California and Illinois, *id.* at 10–18, and that the SDPD, City Attorney, and City of San Diego have continued to coordinate to intimidate him from pursuing justice for the false arrest by Leahy, *id.* at 19–20.

## II. WHETHER PLAINTIFF HAS THE ABILITY TO PAY HIS FILING FEE

All parties instituting any civil action, suit, or proceeding in a district court of the United States, except an application for writ of habeas corpus, must pay filing and administrative fees in the amount of $402.[1] *See* 28 U.S.C. § 1914; CivLR 4.5.a. An action may proceed despite a plaintiff's failure to prepay the entire fee only if he is granted

---

[1] In addition to the $350 filing fee, there is a $52 administrative fee for filing a civil action. This fee does not apply to persons granted leave to proceed IFP. *See* Administrative Office of the United States Courts, *District Court Miscellaneous Fee Schedule* (effective Dec. 1, 2020), https://www.uscourts.gov/services-forms/fees/district-court-miscellaneous-fee-schedule.

leave to proceed IFP under 28 U.S.C. § 1915(a)(1). *Andrews v. Cervantes*, 493 F.3d 1047, 1051 (9th Cir. 2007). "The granting or refusing of permission to proceed [IFP] is a matter committed to the sound discretion of the district court." *Smart v. Heinze*, 347 F.2d 114, 116 (9th Cir. 1965) (citing *Weller v. Dickson*, 314 F.2d 598 (9th Cir. 1963)).

To proceed IFP under § 1915(a)(1), a plaintiff must submit an affidavit that contains a complete statement of his assets and demonstrate his inability to pay the fee. *Coleman v. Tollefson*, 575 U.S. 532, 535 (2015). The plaintiff need not demonstrate that he is completely destitute. *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *Jefferson v. United States*, 277 F.3d 723, 725 (9th Cir. 1960)). However, district courts tend to reject applications to proceed IFP "where the applicant can pay the filing fee with acceptable sacrifice to other expenses." *Scher v. Saul*, No. 20-CV-1665, 2020 WL 8617415, at *1 (S.D. Cal. Sept. 22, 2020) (citing *Stehouwser v. Hennessy*, 841 F.Supp. 316 (N.D. Cal. 1994), *vacated in part on other grounds*, *Oliveras v. Marshall*, 59 F.3d 109, 112 (9th Cir. 1995)); *see also Escobedo*, 787 F.3d at 1234 (citing *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)) ("An affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life."). A court may take the full assets and funds available to a petitioner under consideration when assessing sufficient need to proceed IFP. *See, e.g.*, *Ali v. Cuyler*, 547 F. Supp. 129, 130 (E.D. Pa. 1982) (denying IFP petition where "plaintiff possessed savings of $450" and affirming "this amount was more than sufficient to allow the plaintiff to pay the filing fee in this action"); *Oliveras*, 59 F.3d at 112 (affirming imposition of $30 partial filing fee for IFP petitioner who received $310 from his family).

Here, Plaintiff has provided an affidavit to support his application to proceed IFP. ECF No. 2. While Plaintiff does not list active employment since March 2021, Plaintiff lists $750 average employment income, $1,000 in gifts, and $250 from stimulus totaling

3

$2,000 in monthly income over the last twelve months. *See id.* at 1–2. Plaintiff also lists a total of $8,400 in two bank accounts. *Id.* at 2. Plaintiff's average monthly expenses total $800, and he does not list any dependents. *See id.* at 4. While Plaintiff states that he expects major changes to his monthly income or expenses or in his assets or liabilities during the next 12 months, he indicates that these changes are "nothing definitive" and provides no further details that suggest his financial situation is likely to worsen. *Id.* at 5.

Plaintiff reports recent monthly income and assets that surpass his monthly expenses. *Compare Scher*, 2020 WL 8617415, at *1 (granting motion to proceed IFP where plaintiff had $0 in monthly income and $4,000 in total assets against $3,555 in monthly expenses) *and Wilson v. Nat'l R.R. Passenger Corp.*, No. 20-CV-714, 2020 WL 8872288, at *1 (S.D. Cal. Apr. 16, 2020) (granting motion to proceed IFP where plaintiff had $1,400 in monthly income and $60 in total assets against $4,187 in monthly expenses) *with* ECF No. 2 at 1–4 ($2000 in monthly income and $8,400 in total assets against $800 in monthly expenses). Even discounting Plaintiff's monthly income and considering his bank accounts alone, Plaintiff has sufficient funds from his bank accounts to cover the $402 filing fee, which is equivalent to only 5% of those assets and leave him with almost $8,000, covering about 10 months of expenses even if he is not currently receiving income or monthly gifts. *See id.* at 1–4; *cf. Oliveras*, 59 F.3d at 112 (finding plaintiff had "sufficient funds in his prison trust fund account to cover the partial fee" when fee was about 10% of his savings). Plaintiff has not demonstrated that he would be "unable to pay the filing fee without sacrificing the necessities of life." *See Wilson*, 2020 WL 8872288, at *1.

Accordingly, the Court DENIES Plaintiff's request to proceed *in forma pauperis* pursuant 28 U.S.C. § 1915(a).

\ \ \

\ \ \

## III. CONCLUSION

For the reasons discussed above, the Court hereby **DENIES** Plaintiff's petition to proceed *in forma pauperis* pursuant 28 U.S.C. § 1915(a) and **DISMISSES** the case without prejudice. To have the case reopened, Plaintiff must pay the $402 filing fee or present adequate proof he cannot pay the filing fee no later than **September 28, 2021**.

**IT IS SO ORDERED.**

Dated:  July 28, 2021

Hon. Gonzalo P. Curiel
United States District Judge